# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ALAN J COUTURE**,<br><br>　　　　　Debtor. | Case No. **12-61434-7** |
| **CRYSTAL MOORE**,<br><br>　　　　　Plaintiff.<br><br>-vs-<br><br>**ALAN J COUTURE**,<br><br>　　　　　Defendant. | Adv No. **13-00019** |

## MEMORANDUM OF DECISION & ORDER

At Butte in said District this 27th day of January, 2014.

Plaintiff, who is pro se in this adversary proceeding seeking exception from Defendant/Debtor's discharge, has filed a motion seeking summary judgment or judgment on the pleadings that debts awarded to her in the Decree of Dissolution of the parties' marriage, which was entered in Indiana, be excepted from Defendant's discharge under several provisions of 11 U.S.C. § 523(a). Defendant/Debtor Alan J. Couture filed a response on January 24, 2014, repeating his belief stated in his answer that the debts awarded in the Decree of Dissolution are nondischargeable, that summary judgment is appropriate and that a trial is unnecessary. Accordingly, after review of the pleadings, the Court finds that there are no genuine issues of

1

material fact, and that Plaintiff has satisfied her burden to show that she is entitled to judgment as a matter of law under §§ 523(a)(5) and/or (a)(15) excepting the marital debts from Defendant's discharge.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 7012(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Plaintiff's pro se motion seeks either judgment on the pleadings or, in the alternative, summary judgment. Defendant is not opposed. Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Plaintiff's complaint seeks exception from Defendant's discharge of a judgment in the amount of $675,000 plus accrued interest thereon, and an arrearage on alimony in the amount of $98,904.00, and a mortgage arrears in the amount of $95,179.52. The complaint is accompanied by a copy of the Decree of Dissolution of Marriage ("Decree") entered in the Hancock County Circuit Court of the State of Indiana, Cause No. 30C01-0206-DR-00380. The cover sheet filed with the complaint cites subsections 523(a)(2), (a)(5), (a)(6), and (a)(15) as grounds for nondischargeability.

Under § 523(c)(1), a debtor shall be discharged from debts of a kind specified in paragraphs (2) and (6) of § 523(a) unless a creditor requests a determination of dischargeability.

A leading commentator explains that if a creditor who is owed a debt that may be excepted under the subsections listed in § 523(c)(1) does not act, the debt is discharged. 4 COLLIER ON BANKRUPTCY, ¶ 523.29[1] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2012).

However, § 523(c)(1) does not include debts under § 523(a)(5) or (a)(15) among the subsections of debts which are discharged unless the creditor requests a determination. When the language of a statute is plain, the sole function of the courts is to enforce it according to its terms unless the disposition required by the text is absurd. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917))). "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993) (internal quotation marks and alterations omitted).

If Congress wished to include subsections 523(a)(5) and (a)(15) among the debts discharged under § 523(c)(1), it would have included them with the other subsections listed. Indeed, Congress so demonstrated by adding subsection (a)(15) to § 523(c)(1) in 1994 and then deleting it in 2005. 4 COLLIER ON BANKRUPTCY, ¶ 523.29[1] n.1. Since §§ 523(a)(5) and (a)(15) are not listed in § 523(c)(1), Plaintiff's claims based upon §§ 523(a)(5) and (a)(15) arising from the Decree of Dissolution are excepted from the Defendant's discharge without the need for her to initiate an adversary proceeding. The Defendant has not sought a determination of

dischargeability of his debts under § 523(a)(5) and (a)(15), so any such debts for a domestic support obligation or in connection with a divorce decree are excepted from his discharge by statute, without the need for an adversary proceeding or trial.

Defendant's answer also includes a copy of the Decree of Dissolution of Marriage. In his answer Defendant admits that he owes Plaintiff the $675,000 judgment awarded in the Decree, and $359,780.20 in accrued interest, and an alimony arrearage in the amount of $98,904.00. Defendant states that it is his understanding that the debts arising from the Decree are nondischargeable, but that in the end the amount is for the Court to decide, and he lacks the ability to pay.

Pursuant to § 523(a)(5) and (a)(15), debts for a domestic support obligation or debts to a spouse, former spouse, or child of the debtor in connection with a divorce decree, are excepted from a debtor's discharge. A debtor's ability to pay such debts is irrelevant. Based on the pleadings any unpaid debts, in any amount, owed by Defendant to the Plaintiff in connection with the Decree of Dissolution of Marriage are excepted from Defendant's discharge under § 523(a)(5) and/or (a)(15). It is unnecessary, and in this Court's view a waste of scarce judicial resources, to go ahead and conduct a trial to fix the current amount of such debts because they are nondischargeable in any amount. Similarly, the Court deems it redundant and a waste of scarce judicial resources and the parties' time and expense to conduct a trial to determine dischargeability of the same debts under § 523(a)(2) or (a)(6), when the debts already are nondischargeable under § 523(a)(5) and/or (a)(15), especially when the Defendant admits such debts are nondischargeable.

Accordingly, the Court will grant Plaintiff's motion for judgment on the pleadings and

will except all debts incurred by the Debtor in connection with the Decree of Dissolution of the parties' marriage, from Defendant's discharge under § 523(a)(5) and/or § 523(a)(15), and the parties may proceed in the appropriate state court with further proceedings in connection with the collection of such debts.

**IT IS ORDERED** Plaintiff's motion for judgment on the pleadings, filed on January 23, 2014 (Document No. 20) is **GRANTED**; and a separate Judgment shall be entered against the Defendant excepting all debts incurred by the Defendant in connection with the Decree of Dissolution of Marriage entered in the Hancock County Circuit Court of the State of Indiana, Cause No. 30C01-0206-DR-00380, from Defendant's discharge under § 523(a)(5) and/or § 523(a)(15).

**IT IS FURTHER ORDERED** the trial of this adversary proceeding scheduled to commence on February 11, 2014, is **VACATED.**

        BY THE COURT

        /s/ Ralph B. Kirscher
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana